IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SHANIQUA JANEL GOLDWIRE,          )
                                  )
       Plaintiff,                 )
                                  )
v.                                )     CASE NO. CV421-095
                                  )
DON LEE ALSTON and SUNSTATES      )
SECURITY, LLC,                    )
                                  )
       Defendants.                )
_____ )

## O R D E R

Before the Court is Defendants Don Lee Alston and Sunstates
Security, LLC's, ("Sunstates") Motion to Dismiss (Doc. 6), which
Plaintiff Shaniqua Goldwire has opposed (Doc. 11). For the following
reasons, Defendants' motion to dismiss is **GRANTED**.

### BACKGROUND[1]

This case involves allegations of sexual harassment and racial
discrimination[2] that occurred during Plaintiff's employment with
Sunstates. (Doc. 5 at 1.) Sunstates is a security services provider
for the Savannah College of Art and Design in Chatham County,
Georgia. (Id. at ¶ 8.) From an unknown date until September 18,

---

[1] For purposes of this Order, the Court will accept all factual
allegations in the Amended Complaint (Doc. 5) as true and construe
all allegations in the light most favorable to Plaintiff. Timson v.
Sampson, 518 F.3d 870, 872 (11th Cir. 2008) (citing Glover v. Liggett
Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006)).

[2] Although Plaintiff brings a claim for racial discrimination, she
does not identify her own race either in her amended complaint (Doc.
6) or in her opposition to Defendants' motion to dismiss (Doc. 11).

2020, Plaintiff was an employee of Sunstates.[3] (Id. at ¶¶ 9, 11, 26.) Plaintiff's job responsibilities involved providing campus security and fleet management of security vehicles. (Id. at ¶ 9.) In 2019, Plaintiff was promoted to the position of Fleet Manager for Sunstates' Regional Team. (Id. at ¶ 11.) Plaintiff's direct supervisor in this position was Defendant Alston, who was manager of the Regional Team. (Id. at ¶¶ 10, 11.)

Plaintiff alleges that, while he was her direct supervisor, Alston engaged in several instances of inappropriate behavior that made her feel uncomfortable. (Id. at ¶¶ 12-18.) For instance, Alston gave her unwanted attention, comments and complements on her appearance, as well as invitations to go on trips with Alston outside of work. (Id. at ¶ 12.) Alston expected Plaintiff to drive with Alston to pick up his personal vehicle from a repair shop 30 minutes from their work site so that Alston could spend time alone with Plaintiff. (Id. at ¶ 13.) Alston would also speak to Plaintiff about his marital problems, making Plaintiff uncomfortable. (Id. at ¶ 14.) On January 16, 2020, Alston invited Plaintiff to a private luncheon under the pretense that the outing would be work related but instead used the lunch as an opportunity to get to "know [Plaintiff] better." (Id. at ¶ 15.) On August 26, 2020, Alston made Plaintiff feel uncomfortable when he stated, "If I hand your hand,

---

[3] Plaintiff's amended complaint does not state when Plaintiff began her employment with Sunstates but does state that she received a promotion to fleet manager "[s]ometime in 2019[.]" (Doc. 5 at ¶ 11.)

2

I would throw my hand in[,]" while aggressively and repeatedly hitting the wall of her cubicle. (<u>Id.</u> at ¶ 16.) Plaintiff further alleges that she was pressured to attend Regional Team outings where she was expected to drink alcohol and engage in flirtatious conversations with Alston in order to remain in her position. (<u>Id.</u> at ¶ 17.) Plaintiff claims she received disrespectful comments and treatment from her coworkers as a result of the unwanted attention Alston paid to her. (<u>Id.</u> at ¶ 19.)

On August 28, 2020, Plaintiff sent a complaint to Laura Hill, Sunstates' human resource manager, detailing Alston's harassment. (<u>Id.</u> at ¶ 20.) Ms. Hill informed Plaintiff that her allegations against Alston would be investigated. (<u>Id.</u>) On September 14, 2020, Ms. Hill sent Plaintiff an email which suggested that the investigation had concluded.[4] (<u>Id.</u> at ¶ 21.) During the investigation, Plaintiff was never interviewed by Sunstates' attorneys about her allegations. (<u>Id.</u> at ¶ 22.) On September 15, 2020, Plaintiff learned that Jessie Orc, a white co-worker, had also made sexual harassment claims against Alston and that her allegations were being investigated. (<u>Id.</u> at ¶ 23.) On September 16, 2020, Plaintiff sought a psychiatric evaluation and counseling

---

[4] In her amended complaint, Plaintiff also alleges she received a phone call later the same day informing her that Alston would remain as her direct supervisor. Because of a typographical error in the complaint, it is unclear who made that call to Plaintiff.

3

as a result of Alston's harassment and Sunstates' treatment of her investigation. (<u>Id.</u> at ¶ 24.)

On September 17, 2020, Sunstates' attorneys came to Savannah, Georgia, to interview Ms. Orc about her allegations. (<u>Id.</u> at ¶ 25.) After meeting with Ms. Orc, the attorneys met with Plaintiff and offered her unemployment benefits and letters of recommendation if she left the company. (<u>Id.</u>) Plaintiff alleges that the attorneys instructed her to "think of her son." (<u>Id.</u>) On September 18, 2020, based on the results of her psychiatric evaluation, Plaintiff was granted leave of absence from work under the Family and Medical Leave Act. (<u>Id.</u> at ¶ 26.) On the same day, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Defendants. (<u>Id.</u> at ¶ 27.) The EEOC issued Plaintiff a Notice of Right to Sue on January 4, 2021. (<u>Id.</u> at ¶ 28.)

On April 1, 2021, Plaintiff filed her Complaint against Defendants, which she amended on April 5, 2021, to correct clerical deficiencies.[5] (Docs. 1, 5.) In her Amended Complaint, Plaintiff alleges that she was subject to discrimination and harassment while working for Sunstates and under the supervision of Don Alston. (Doc. 5 at ¶¶ 7-28.) Based on these allegations, Plaintiff brings a variety of federal and state law claims against both Defendants. (<u>Id.</u> at ¶¶ 29-59.) Now, Defendants move to dismiss Plaintiff's

---

[5] Plaintiff's counsel neglected to sign the original complaint. (Doc. 4.)

amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 6 at 1.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. at 678, 129 S. Ct. at 1949 (alteration in original) (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is

5

liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quotation omitted), abrogated on other grounds by, Mohamad v. Palestinian Auth., 566 U.S. 449, 132 S. Ct. 1702, 182 L. Ed. 2d 720 (2012). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quotation omitted).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Id. at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation[.]" Iqbal, 556 U.S. at 678, 129 S. Ct. at 1950. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "the rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation

6

that discovery will reveal evidence of' the necessary element."
<u>Watts v. Fla. Int'l Univ.</u>, 495 F.3d 1289, 1295-96 (11th Cir. 2007)
(quoting <u>Twombly</u>, 550 U.S. at 545, 127 S. Ct. at 1959).

**ANALYSIS**

In her amended complaint, Plaintiff asserts federal and state
law claims against Defendants in six separate counts. (Doc. 5 at ¶¶
29-59.) In Count I, Plaintiff asserts a sexual harassment claim
against Alston. (<u>Id.</u> at ¶¶ 29-32.) In Count II, Plaintiff asserts
a negligence and negligence per se claim against Alston. (<u>Id.</u> at ¶¶
33-37.) In Count III, Plaintiff asserts a negligence and negligence
per se claim against Sunstates. (<u>Id.</u> ¶¶ 38-43.) In Count IV,
Plaintiff asserts a sexual harassment claim against Sunstates under
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e. (<u>Id.</u>
at ¶¶ 44-48.) In Count V, Plaintiff asserts an intentional
infliction of emotional distress claim against both Defendants.
(<u>Id.</u> at ¶¶ 49-54.) Lastly, in Count VI, Plaintiff asserts a race
discrimination claim against Sunstates. (<u>Id.</u> ¶¶ 55-59.) Defendants
move to dismiss Plaintiff's amended complaint in its entirety
pursuant to Rule 12(b)(6). (Doc. 6 at 1.)

As an initial matter, Plaintiff concedes that dismissal
without prejudice is appropriate for Count I, Count II, and Count
V as those claims are not ripe for adjudication. (Doc. 11 at 4.)
Accordingly, Defendants' motion to dismiss (Doc. 6) is **GRANTED** to
the extent it seeks dismissal of these claims. As a result, Count

I, Count II, and Count V of the amended complaint are **DISMISSED WITHOUT PREJUDICE.**[6] Plaintiff opposes dismissal of Count III, Count IV, and Count VI. (Doc. 11 at 4.) Alternatively, Plaintiff requests leave to amend the complaint as to those three counts. (<u>Id.</u>) The Court will now consider Defendants' arguments for dismissing Plaintiff's remaining claims against Sunstates.

## I.   <u>PLAINTIFF'S TITLE VII CLAIM AGAINST SUNSTATES</u>

Defendants move to dismiss Count IV, Plaintiff's Title VII sexual harassment claim against Sunstates, on the grounds that (1) Plaintiff failed to allege an adverse employment action; and (2) Plaintiff failed to allege facts showing Sunstates created a hostile work environment.[7] (Doc. 6 at 4-5.) In response, Plaintiff argues that Defendants are attempting to hold her to an inappropriate pleading standard. (Doc. 11 at 7-8.) Plaintiff also contends that she has sufficiently alleged facts showing that Alston's conduct

---

[6] In their reply brief, Defendants make no argument regarding why Plaintiff's claims in Count I, Count II, and Count V should be dismissed with or without prejudice. (Doc. 13 at 1.) Accordingly, the Court will dismiss these claims without prejudice per the Plaintiff's request.

[7] Defendants also move to dismiss Plaintiff's Title VII claims against Alston because Title VII does not offer relief against individuals. (Doc. 6 at 3.) However, Plaintiff did not bring a Title VII claim against Alston individually. Count IV is titled "Defendant Sunstates Security Liability for Sexual Harassment Under Title VII." (Doc. 5 at 6.) Accordingly, although Defendants are correct that there is no individual liability under Title VII, <u>Aque v. Home Depot U.S.A., Inc.</u>, 629 F. Supp. 2d 1336, 1342 (N.D. Ga. 2009), the Court finds it is unnecessary to address Defendants' arguments on this issue.

was severe and pervasive enough to create a "discriminatorily abusive hostile working environment." (Id. at 9.)

Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Although Title VII does not explicitly reference sexual harassment, "the Supreme Court and [the Eleventh Circuit] long have recognized that '[the language of Title VII] evinces a congressional intent to strike at the entire spectrum of disparate treatment of men and women in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment.' " Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999) (en banc) (first quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993); and then citing Henson v. City of Dundee, 682 F.2d 897, 901 (11th Cir. 1982)).

To state a claim for sexual harassment in a Title VII action a plaintiff must allege facts showing

> (1) that she belongs to a protected group; (2) that she has been subjected to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that a basis for holding the employer liable exists.

Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1244 (11th Cir. 2004) (first citing Mendoza, 195 F.3d at 1245; and then citing Johnson v. Booker T. Washington Broad. Serv., Inc, 234 F.3d 501, 508 n.7 (11th

9

Cir. 2000)). Plaintiffs can show that workplace harassment altered the terms and conditions of their employment in either of two ways. Id. at 1245. "One way is if the employee's refusal to submit to a supervisor's sexual demands results in a tangible employment action being taken against her." Id. "As defined by the Supreme Court, a tangible employment action is 'a significant hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.' " Id. (first quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761, 118 S. Ct. 2257, 2268, 141 L. Ed. 2d 633 (1998); and then citing Johnson, 234 F.3d at 512)).

Even in the absence of a tangible employment action, an employee can still show that sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of their employment by demonstrating the existence of a hostile work environment. Zhou v. Intergraph Corp., 353 F. Supp. 3d 1220, 1231 (N.D. Ala. 2019) (citing Hulsey, 367 F.3d at 1244). Under a hostile work environment theory, plaintiffs must show that they "subjectively perceive[d] the harassment as sufficiently severe and pervasive to alter the terms or conditions of employment, and this subjective perception must [have been] objectively reasonable." Id. (quotation marks omitted) (quoting Mendoza, 195 F.3d at 1246). In considering the objective component of this analysis, a court will consider four factors: "(1) the frequency of the discriminatory

conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance." Id. (citing Harris, 510 U.S. at 23, 114 S. Ct. at 371). Proof of any one factor is not required so long as the totality of the circumstances shows that the harassment qualifies as severe or pervasive. Wilcox v. Corr. Corp. of Am., 603 F. App'x 862, 865 (11th Cir. 2015) (per curiam) (citing Hulsey, 367 F.3d at 1248).

Based on the above law, the Court disagrees with Defendants' argument that all of Plaintiff's Title VII claims must be dismissed because she failed to plead an "adverse employment action." (Doc. 13 at 3.) Although the existence of adverse employment action is an essential element of a traditional Title VII employment discrimination claim, see, e.g., McCone v. Pitney Bowes, Inc., 582 F. App'x 798, 800 (11th Cir. 2014), under a hostile work environment theory, an employer can be liable for sexual harassment "even though the employee is not discharged, demoted, or reassigned[,]" Hulsey, 367 F.3d at 1245 (citing Ellerth, 524 U.S. at 754, 118 S. Ct. at 2265). In the amended complaint, Plaintiff does not allege that the sexual harassment resulted in a tangible employment action; rather, she alleges that "said harassment was pervasive as to create an abusive and unsafe working environment, both by an objective and subjective standard." (Doc. 5 at ¶ 47.) Accordingly, the question is not whether Plaintiff has pled an adverse employment action, but

11

whether Plaintiff has adequately pled a Title VII sexual harassment claim based on a hostile work environment theory. However, considering the objective <u>Mendoza</u> factors, the Court concludes that Plaintiff has failed to state a plausible claim for relief.

Plaintiff has only alleged three specific instances in which Alston acted inappropriately towards her: when Alston had Plaintiff drive with him to pick up his personal vehicle at a repair shop; when Alston invited Plaintiff to a private luncheon to get to "know her better[;]" and when Alston repeatedly hit the side wall of her cubicle while stating "If I hand your hand, I would throw my hand in." (Doc. 5 at ¶¶ 13, 15, 16.) It is not clear that this conduct involves sexual or gender-related discrimination, but even accepting these allegations as true, these instances certainly do not give rise to an inference that Alston's conduct was so "objectively offensive as to alter the 'conditions' of the victim's employment." <u>Oncale v. Sundower Offshore Servs., Inc.</u>, 523 U.S. 75, 81, 118 S. Ct. 998, 1003, 140 L. Ed. 2d 201 (1998); <u>see also</u> <u>Brill v. Lante Corp.</u>, 119 F.3d 1266, 1274 (7th Cir. 1997) (rejecting plaintiff's attempt to support hostile work environment theory with evidence of unpleasant, but non-sexual, conduct). Although Plaintiff does allege conduct that more closely resembles sexual harassment, specifically that Alston made unwanted comments about her appearance and made her feel pressured to engage in flirtatious conversations at work functions (Doc. 5 at ¶¶ 12, 17), she does not

12

provide dates or any other specific details that demonstrate the frequency or severity of these occurrences. See Torres v. Pasco Cnty. Bd. of Cnty. Comm'rs, No. 8:21-cv-892-TPB-JSS, 2021 WL 3550369, at *4 (M.D. Fla. Aug. 11, 2021) (granting motion to dismiss where plaintiff "fail[ed] to provide information establishing the frequency of conduct and [did] not include more specific dates").

Additionally, Plaintiff has not alleged that any of Alston's conduct was physically threatening. Cf. Clayton v. Savannah Chatham Metro. Police Dep't, No. CV415-93, 2020 WL 603712, *9-10 (S.D. Ga. Feb. 6, 2020) (finding plaintiff stated plausible claim for sexual harassment when she cited numerous instances in which defendants made explicit sexual comments towards her that would be considered physically threatening); Hulsey, 367 F.3d at 1248 (classifying harasser's conduct as physically threatening and humiliating where he followed plaintiff into the restroom, repeatedly attempted to touch her breasts, place his hands in her pants, and pull off her pants). Finally, besides alleging, without providing any specific occurrences, that her coworkers treated her disrespectfully as a result of her unwanted attention from Alston, Plaintiff has not shown that Alston's conduct unreasonably interfered with her work or humiliated her. Accordingly, the Court finds that Plaintiff's amended complaint, as pled, is insufficient to state a claim for Title VII sexual harassment. Walsh v. City of Ocala, No. 5:18-cv-402-Oc-30PRL, 2019 WL 4395297, at *6 (M.D. Fla. June 17, 2019)

13

("Plaintiff's conclusory allegations that she was humiliated by the comments cannot overcome the objective lack of frequency and severity of those comments" (citing <u>Mendoza</u>, 195 F.3d at 1248)). As a result, Defendants' motion to dismiss Count IV of the amended complaint is **GRANTED**. However, because "a more carefully drafted complaint might state a claim," and this would be Plaintiff's first substantive amendment to the complaint, Count IV is **DISMISSED WITHOUT PREJUDICE** with leave to amend. <u>See</u> <u>Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.</u>, 673 F. App'x 925, 929 (11th Cir. 2016) (per curiam) (quotation omitted).

II. <u>PLAINTIFF'S RACIAL DISCRIMINATION CLAIM AGAINST SUNSTATES</u>

Defendants move to dismiss Count VI of the amended complaint—the racial discrimination claim—on the grounds that Plaintiff has not alleged any direct instances of racial discrimination or that she was subject to an adverse employment decision. (Doc. 6 at 4, 15.) In response, Plaintiff argues that her allegation that a white co-worker's complaints of sexual harassment were taken more seriously is sufficient to state a claim for racial discrimination. (Doc. 11 at 10.) Plaintiff also argues that as a result of Sunstates' failure to investigate her complaint, she was improperly placed on leave. (<u>Id.</u>) Once again, the Court finds that Plaintiff has failed to state a plausible claim for relief.[8]

---

[8] The Court must note that in her amended complaint and brief, Plaintiff, who has retained counsel, fails to identify the statutory basis for her racial discrimination claim. Because Plaintiff

"To state a race-discrimination claim under Title VII, a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race discrimination.' " Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 974 (11th Cir. 2008)). While Plaintiff is correct that a complaint need not set out facts "to make out a classic McDonnell Douglas prima facie case[,]" the well-pleaded factual allegations of a complaint still must "plausibly suggest that the plaintiff suffered an adverse employment action due to intentional racial discrimination." Id.; see also McCone, 582 F. App'x at 800-801 ("An adverse employment action is not only an element of the prima facie case, but an element of the claim itself." (quotation omitted)).

In this case Plaintiff has not alleged facts which show that Sunstates' failure to properly investigate her claim was a result of intentional race discrimination. Plaintiff's only allegations that relate to her race are that a white co-worker, Jessie Orc, also made sexual harassment complaints against Defendant Alston and that these complaints were also investigated by Sunstates. (Doc. 5 at ¶ 23). Plaintiff alleges that Ms. Orc was interviewed by counsel for Sunstates, while Plaintiff was not, and that this allegation

_____

brought her sexual harassment claim under Title VII, the Court will assume that Plaintiff intended to bring her racial discrimination claim under the same Title.

shows she received disparate treatment based on her race. (Id. at ¶¶ 25, 57.) Plaintiff, however, does not allege facts showing that Ms. Orc's complaints were similar in substance to Plaintiff's or even that Ms. Orc's investigation reached a different result than Plaintiff's investigation. As Defendants' note, Plaintiff fails to even identify her own race, further illustrating the deficiencies in her amended complaint. (Doc. 6 at 15.) Plaintiff's allegations, accepted as true, do not give rise to a plausible inference that Sunstates conducted a less thorough investigation of Plaintiff's claim because of her race. Conner v. City of Naples Airport Auth., No. 2:21-cv-332-SPC-NPM, 2021 WL 4593791, at *3 (M.D. Fla. Oct. 5, 2021) (granting motion to dismiss where plaintiffs "allegations [were] too vague to draw any conclusions about potential comparators or support [plaintiff's] theory of disparate treatment"); Nurse v. City of Alpharetta, 775 F. App'x 603, 606 (11th Cir. 2019) (per curiam) (affirming motion to dismiss race discrimination claim where pleadings were "framed in a wholly speculative and conclusory way").

Furthermore, Plaintiff has not shown that she suffered an adverse employment action. Plaintiff states in her brief that she was "improperly put on leave" as a result of Sunstates' failure to investigate her complaints of harassment.[9] (Doc. 11 at 10.) In the

_____

[9] In her amended complaint, Plaintiff does not allege that this was an adverse employment action caused by race discrimination.

amended complaint, however, Plaintiff alleges that she was "granted leave of absence from work under the Family and Medical Leave Act" based on the results of a psychiatric evaluation she requested. (Doc. 5 at ¶ 24, 26.) Because Plaintiff has not alleged facts that show her placement on leave of absence was anything less than voluntary, she has not plausibly alleged to have suffered an adverse employment action. See Rodriguez v. City of Doral, 863 F.3d 1343, 1352 (11th Cir. 2017) ("If [an employee's] resignation was voluntary—even though triggered by Defendants' actions—[the employee] cannot show that he suffered an adverse employment action[.]" (citing Hargray v. City of Hallandale, 57 F.3d 1560, 1567 (11th Cir. 1995)). Additionally, Plaintiff has alleged no facts that indicate her placement on medical leave, whether voluntary or involuntary, was related to any discrimination on the part of Sunstates. Because Plaintiff has failed to state a plausible claim of race discrimination under Title VII, Defendant's motion to dismiss Count VI is **GRANTED**, and Count VI is **DISMISSED WITHOUT PREJUDICE** with leave to amend.

III. <u>PLAINTIFF'S NEGLIGENCE CLAIM AGAINST SUNSTATES</u>

In Count III—which contains the negligence and negligence per se claims against Sunstates—Plaintiff alleges that Sunstates failed in its duty to provide Plaintiff a safe working environment. (Doc. 5 at ¶ 41.) Defendants contend Plaintiff fails to state a claim in Count III for two reasons. First, Defendants claim that Plaintiff

17

has not alleged that Sunstates violated a specific statute-which is a requirement to state a negligence per se claim. (Doc. 6 at 10-11.) Second, Defendants argue that that Plaintiff's safe working environment claim fails because Plaintiff has not alleged that she suffered any physical injury due to Defendants' negligence. (Id. at 11.) In her response brief, Plaintiff fails to rebut either of Defendants' arguments. Instead, Plaintiff abandons her safe working environment claim and argues that Count III alleges a plausible claim for negligent hiring and retention. (Doc. 11 at 6-7.) However, Plaintiff's attempt to sidestep the deficiencies in her amended complaint is unavailing.

Because Plaintiff fails to address the safe working environment or the negligence per se claims in her brief, the Court deems those claims abandoned. Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (concluding that a plaintiff's failure to respond to a defendant's motion to dismiss specific claims resulted in dismissal of those claims as abandoned) (citing Resol. Tr. Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995)). The Court agrees with Defendants that Plaintiff's amended complaint does not include a claim for negligent hiring and retention and that Plaintiff is attempting to improperly amend her complaint in response to a motion to dismiss.[10] See Tsavaris v.

---

[10] Although some of Plaintiff's allegations would be relevant to a negligent hiring and retention claim (Doc. 5 at ¶ 40), the Court

Pfizer, Inc., No. 1:15-cv-21826, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) ("A plaintiff, though, cannot amend the complaint in a response to a motion to dismiss, for a court's review on dismissal is limited to the four corners of the complaint." (citation omitted)).

Finally, even if Plaintiff's negligent retention and hiring claims were properly before the Court, they would be due to be dismissed. Under Georgia law, negligent retention and hiring claims "are derivative and cannot survive without an underlying tort." Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1329 (N.D. Ga. 2009) (citing MARTA v. Mosley, 280 Ga. App. 486, 490, 634 S.E.2d 466, 469 (2006)). The Court has already dismissed any potential underlying tort, and as a result, Plaintiff's negligent retention and hiring claim fails. Morris v. Bouchard, No. 1:06-CV-2535-GGB, 2007 WL 1100465, *9 (N.D. Ga. Apr. 7, 2007) ("Although Defendant has not yet had an opportunity to move for dismissal of this claim, given the Court's findings with respect to Plaintiff's claim of negligence per se, his negligent retention claim must also be dismissed for want of an underlying tort."). However, because the Court has dismissed Plaintiff's claims without prejudice, it appears Plaintiff's negligent retention and hiring claim could be viable upon amendment of the complaint. Accordingly, the Court

---

does not find that the allegations in Count III gave Defendants fair notice that Plaintiff was bringing such a claim.

**GRANTS** Defendants' motion to dismiss, and Count III is **DISMISSED WITHOUT PREJUDICE** with leave to amend.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. 6) is **GRANTED**. As a result, the Amended Complaint (Doc. 5.) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is directed to file within **fourteen (14) days** of this order an amended complaint for Count III, Count IV, and Count VI.[11] Because all of Plaintiff's claims against Defendant Alston have been resolved and Plaintiff has not sought leave to amend those claims, Defendant Alston is **DISMISSED** from this action. The Clerk of Court is **DIRECTED** to amend the case caption to reflect that Defendant Alston is no longer a party to this action.

SO ORDERED this 7th day of March 2022.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[11] The Court will not accept any amended complaint that incorporates by reference any factual allegation or argument contained in an earlier filing. Plaintiff's amended complaint should be a stand-alone filing that independently contains all the factual allegations necessary to state a claim for relief.

20