UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SHANIQUA JANEL GOLDWIRE,   )
                          )
        Plaintiff,        )
                          )
v.                        )     CV421-095
                          )
SUNSTATES SECURITY, LLC,  )
                          )
        Defendant.        )

## ORDER

Before the Court is the parties' Consent Motion to Stay Proceedings, which requests that this case be stayed pending disposition of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss"), doc. 28. Doc. 29. For the following reasons, the consent motion is **GRANTED**, doc. 29, and all deadlines in this case are **STAYED**.

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on

1

failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a 'preliminary peek' . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n.2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Sams*, 2016 WL 3339764 at *6. "[A] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *CSX*

*Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014) (citing *Feldman*, 176 F.R.D. at 652).

Both parties consent to the stay request, and they do not indicate that they would be prejudiced by a stay of discovery. Doc. 29 at 1; *see Feldman*, 176 F.R.D. at 652. And, upon brief review, Defendant's Motion to Dismiss, doc. 28, does not appear to be meritless. *See, e.g., Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, at *2 (M.D. Ga. Oct. 10, 2008) (granting a stay of discovery deadlines when a motion to dismiss is not "meritless on its face"). Additionally, a ruling on the Motion to Dismiss would be case-dispositive. *See* doc. 28. On balance, then, a stay is appropriate.

The Consent Motion to Stay Proceedings is **GRANTED**, doc. 29, and all deadlines in this case are **STAYED**. Upon the District Judge's disposition of the Motion to Dismiss, doc. 28, the Clerk is **DIRECTED** to lift the stay. If the case remains pending after the disposition of the Motion to Dismiss, the parties are **DIRECTED** to confer and submit a Rule 26(f) Report no later than fourteen days from the date of the District Judge's Order disposing of the Motion. The report should indicate any

additional categories of discovery the parties need to conduct, and propose deadlines for each category.

**SO ORDERED**, this 18th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA